UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X          Case No. 1-09-49420-ess

In re: Van Johnson

              Debtor,
Soc. Sec. No.: XXX-XX-0251

------------------------------------------------------------X          Chapter 13

## Second Amended Chapter 13 Plan of Debtors

1. The future earnings of the debtor are submitted to the supervision and control of the Trustee and the debtor shall pay to the Trustee the sum of $500 per month for the thirty six (36) months of the plan. The total sum to be submitted is $18,000.00. During the pendency of this case, the debtor will provide the Trustee with signed copies of filed federal and state returns for each year no later than April 15th of the year following the tax period. Indicated tax returns are to be paid to the Trustee upon receipt; however no later than June 15th of the year in which the tax returns are filed.

2. From the payments so received, the Trustee shall make disbursements as follows:

   (a) Full Payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. 507

   TRUSTEE'S COMMISSIONS; UNPAID ATTORNEYS FEE $0.00

   (b) Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

   America's Servicing Company (Loan # 1127110658), shall be paid the sum of $18,000.00, with interest at 0% over 60 months within the Plan; thus fully curing all arrears to such creditor including late charges, attorney fees and interest. Upon the mortgage arrears being satisfied under this Plan the default under the mortgage shall be cured and the mortgage reinstated with its original terms.

   The current mortgages payments to America's Servicing Company, (Loan # 1127110658) will be made outside the plan. However the said payments are subject to the outcome of the pending adversary petition wherein the debtor alleges that he is victim of fraud and discriminatory lending of the bank.

   The junior mortgage lien of GrayStone Solutions, (Loan # 280077098) in the sum of $69,766.68 of which no claim is filed on the claim register was "stripped off" as wholly unsecured pursuant to U.S. Bankruptcy Code Section 1322 (b) (2) and 506 and Order reclassifying same as unsecured was signed on July 20, 2010.

   (c) Pro rata with dividends to unsecured creditors, dividends to unsecured creditors whose claims are duly allowed as follows:

   PRO RATA DISTRIBUTION TO ALL TIMELY FILED PROOF OF CLAIMS: None

3. Title to debtor's property, except debtor's real property, shall revest in the debtor upon completion of plan payments or dismissal of case.

4. Debtor is currently required, by a judicial or administrative order, or by statute, to pay a domestic support obligation of $312.00 that comes out of his paycheck automatically for the past 13 years now. His son is now 15 years old. As stated in the petition he shall keep paying outside of the plan until his son turns 18 years old.

5. The said plan has been proposed to meet the statutory requirement of Chapter 13 of Title 11, however same has been proposed without prejudice to the rights and claims of the debtor against existing parties including present note and mortgage holder as well as other defendants identified in the pending adversary. The plan is subject to change based on outcome of said litigation.

Throughout the term of this plan, debtor agrees that debtor will not incur post-petition debt over $500.00 without first notifying the Chapter 13 Trustee in writing.

Dated: November 23, 2010                             /s/ Van Johnson

                                                                                Van Johnson, Debtor