| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------X<br><br>IN RE:<br><br> VAN E JOHNSON,<br>         Debtor.<br><br>-------------------------------------------------------------X | tmd3574/va<br><br>December 13, 2010<br>9:00 AM<br><br>Chapter 13<br>Case No: 109-49420-ESS<br><br>NOTICE OF MOTION |

    PLEASE TAKE NOTICE, that upon the within application, the Chapter 13 Trustee will move this court before the Honorable Elizabeth S. Stong, U.S. Bankruptcy Judge, at the United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York, Courtroom 3585 on December 13, 2010 at 9:00 AM, or as soon thereafter as counsel can be heard, for an Order pursuant to 11 U.S.C. Section 1307(c) for cause, dismissing this Chapter 13 case and for such other and further relief as may seem just and proper.

    Responsive papers shall be filed with the Bankruptcy Court and served upon the Chapter 13 Trustee, Marianne DeRosa, Esq., no later than seven (7) business days prior to the hearing date set forth above. Any responsive papers shall be in conformity with the Federal Rules of Civil Procedure and indicate the entity submitting the response, the nature of the response and the basis of the response.


Date: Jericho, New York<br>
    November 24, 2010

                  /s/Marianne DeRosa<br>
                  MARIANNE DeROSA, TRUSTEE<br>
                  100 JERICHO QUADRANGLE, SUITE 208<br>
                  JERICHO, NY  11753<br>
                  (516) 622-1340

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

IN RE:

 VAN E JOHNSON,
                          Debtor.

-----------------------------------------------------------X

TO THE HONORABLE ELIZABETH S. STONG, U.S. BANKRUPTCY JUDGE:

      Marianne DeRosa, Chapter 13 Trustee in the above-captioned estate, respectfully represents the following:

      1.   The Debtor filed a petition under the provisions of 11 U.S.C. Chapter 13 on October 27, 2009, and, thereafter, Marianne DeRosa was duly appointed and qualified as Trustee.

      2.   The Debtor's proposed Second Amended Chapter 13 Plan, (hereafter "The Plan"), dated November 23, 2010, filed with the Court on November 23, 2010, and reflected in the Court's docket as number 31 provides for a monthly Plan payment of $500.00 per month for a period of thirty-six months. Additionally, the Plan provides for full repayment to all filed secured and priority proofs of claim and a pro rata distribution with respect to general unsecured proofs of claim.

      3.   The Trustee objects to the confirmation of the Plan because the Debtor's proposed Plan payment is insufficient to pay secured claims[1] in full as required by 11 U.S.C. §1325(a)(5).

      4.   In addition, the Debtor has failed to comply with E.D.N.Y. LBR 3015-1(a)(i) and (ii) in that the Plan dated November 24, 2009, filed November 25, 2009, and reflected in the Court's docket as number 15, was not filed within 15 days of the filing of the petition and was not served on all creditors within 10 days of the filing of the plan and therefore the creditors have no knowledge of any plan.

      5.   Furthermore, the Debtor has failed to comply with E.D.N.Y. LBR 3015-2(a) in that the Debtor has failed to serve the proposed Amended Plan on the creditors 10 days prior to the hearing on confirmation.

      6.   Additionally, the Trustee objects to the confirmation of the Plan because the Debtor's Budget, Schedule I and J, filed with the Court on November 23, 2009, and reflected in the Court's docket as number 10, indicates after all monthly expenses a disposable income of $1,100.00 and therefore the Debtor is not paying all disposable income into the Plan as required by 11 U.S.C. §1

---

[1] Specifically the proof of claim filed by New York City Water Board, on November 23, 2009 and reflected on the Court's Claim Register as number 1 in the amount of $1,304.09 plus 9% interest and the proof of claim filed by America's Servicing Company, on December 30, 2009 and reflected on the Court's Claim Register as number 2, for arrears in the amount of $71,538.69.

7. Furthermore, the Debtor has failed to:

   a. provide the Trustee with proof of post-petition mortgage payments seven business days before the first meeting of creditors as required by E.D.N.Y. LBR 2003-1(a)(vi);

   b. provide the Trustee with proof of post-petition mortgage payments seven days before the first date set for confirmation of the Chapter 13 Plan as required by E.D.N.Y. LBR 2003-1(b)(i);

8. The Plan cannot be confirmed and as a result a delay has occurred that is prejudicial to the rights of creditors. The case must be dismissed under 11 U.S.C. §1307(c)(1) and (c)(5).

9. Each of the foregoing constitutes cause to dismiss this Chapter 13 case within meaning of 11 U.S.C. Section 1307(c).

10. During the pendency of this bankruptcy estate, the Trustee has incurred costs and expenses in the ordinary course of administering this case and seeks reimbursement of $350.00 to cover these expenses.

WHEREFORE, the Chapter 13 Trustee respectfully requests that this Court enter an Order denying confirmation and dismissing this Chapter 13 case, and granting the Chapter 13 Trustee the sum of $350.00 to be deducted from the Debtor's net receipts, if any, for administrative costs and expenses incurred during the pendency of this case, and for such other and further relief as may seem just and proper.

Dated: Jericho, New York
November 24, 2010

    /s/ Marianne DeRosa
Marianne DeRosa, Trustee

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X     Chapter 13 Case No: 109-49420-ESS
IN RE:

VAN E JOHNSON,
                                                                      CERTIFICATE OF SERVICE
                                                                                BY MAIL
                           Debtor.
-----------------------------------------------------------X


        This is to certify that I, Viola Astorga, have this day served a true, accurate and correct copy of the within Notice of Motion and Application by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

VAN E JOHNSON
128 Howard Avenue
Brooklyn, NY 11233

KARAMVIR DAHIYA
DAHIYA LAW OFFICES, LLC
350 Broadway; Suite 412
New York, NY 10013

AMERICA'S SERVICING COMPANY
C/O FEIN, SUCH & CRANE, LLP
28 East Main Street; Suite 1800
Rochester, NY 14614

GE MONEY BANK
RECOVERY MANAGEMENT SYSTEMS CORP
25 SE 2nd Avenue; Suite 1120
Miami, FL 33131


This November 24, 2010

/s/Viola Astorga
Viola Astorga, Paralegal
Office of the Standing Chapter 13 Trustee
Marianne DeRosa, Esq.
100 Jericho Quadrangle, Suite 208
Jericho, New York 11753
(516) 622-1340

Index No:   109-49420-ESS
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

IN RE:

VAN E JOHNSON,

Debtor.

NOTICE OF MOTION, APPLICATION
and
CERTIFICATE OF SERVICE

MARIANNE DeROSA, TRUSTEE
100 JERICHO QUADRANGLE, SUITE 208
JERICHO, NY  11753
(516) 622-1340

revised 03/09/04