**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X       Case No. 1-09-49420-ess
In re: Van Johnson

         Debtor,
-----------------------------------------------------------X       Chapter 13

**Affirmation in Support of Suspension**
**of**
**Bankruptcy Proceeding of Case No. 09-49420-ess**
**&**
**OBJECTION TO THE TRUSTEE'S MOTION**


Karamvir S. Dahiya of Dahiya Law Offices LLC respectfully submit the following:


1.  Debtor sought bankruptcy protection on October 27, 2009.

2.  Debtor is a victim of racially discriminatory lending practices of Lend America and nature of loan has been challenged as predatory in nature in adversary proceedings ( Case No. 1-10-01138-ess "Adversary"). The said adversary is pending.


**SUSPENSION OF BANKRUPTCY CASE UNDER 305 REQUESTED TO ADDRESS TRUSTEE OBJECTIONS**

3.  We request suspension of the main case bearing number 09-49420.  Section 305 of the Code is an authority for suspension of a Chapter 13 , if the interests of creditors *and* the debtor would be better served by such suspension.  11 U.S.C. § 305(a)(1).

4.  Debtor interest would be best served by suspension and so would that of the creditors.

5.  Creditors claim and Debtor's interest have to be defined.  What interest would ultimately be enforced is yet to be settled. Section 502 requires bankruptcy court to "determine the validity of the claim[s] and the amount allowed." <u>Kane v. Johns-Manville Corp</u>*.,* 843 F.2d 636, 646 (2d Cir.1988)

6. Suspension of the underlying bankruptcy case is warranted here and said relief would be proper in view of Trustee objections and concerns, though they are highly inappropriate and are without basis.

**TRUSTEE OBJECTION TO THE PLAN IS PREMATURE AND DILUTES THE RIGHTS OF THE DEBTOR.**

7. Trustee's objections, especially that the secured creditor is not being paid in full (as reflected in the proof of claim filed by Bank of America) to the proposed plan (interim in nature) is premature. An objection to the secured claim has been filed.

    a. Procedurally, objections to the claims must be filed according to Rule 3007. Functionally, this Rule has been complied with, as an adversary has already been filed challenging the nature of loan and efficacy of lien as voidable. Rule 3007 (b) clearly permits such an objection ("A party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding").

    b. As long as the adversary is not decided, a sum of monies to be paid to the secured or unsecured creditor cannot be ascertained.

8. Further the claim asserted by Lend America/Bank of America is not enforceable, as it was a product of racial discrimination, fraudulent in nature and predatory in all aspects. It's against the law. **11 USC §502 (**'such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason').

9. There are two proceeding before this court regarding the Debtor. They are both independent proceedings. Bankruptcy case is commenced by filing a petition. 11 USC 301. An adversary is an independent plenary proceeding requiring the proceeding to be commenced by filing a complaint. See Fed r. Bankr. P. 7001-7087.

    **a.** One does not impact the litigative or functional aspect of the other, suspension of proceeding in the main underlying bankruptcy case would not alter the procedural aspect of this case.

    **b.** "[W]e hold that the dismissal of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over an adversary proceeding which was related to the bankruptcy case at the time of its commencement." In re Porges 44 F.3d 159 C.A.2 (N.Y.),1995

10. Bankruptcy case could be suspended while the adversary gets decided.

11. Trustee request for dismissal is in fact a dilution of the debtor rights. Debtor has a right to file such a complaint and objection to claims. Although the responsibility to examine proofs of claim and object to the allowance of claims is assigned to the Chapter 13 trustee by 11 U.S.C. § 1302(b)(1), however debtor too has been allowed to exercise such a right. Debtor has exactly done this, what trustee could have done.

12. Trustee has a statutory duty to advise debtor--Section 1302 (b)(4),--however the trustee seeks dismissal.

13. Trustee moves for dismissal under 11 USC §1307 (c)(1) and (c)(5), however those sections could only be used by a party in interest (like creditors etc.) and the United States Trustee and no where does this section grant any grounds to standing trustee to move for such a action. The issue of 'prejudicial to creditors' ( an interest of creditors) pitted against the duty of the trustee to assist and advise the debtor could only be effectively enforced, if the standing trustee does not usurp statutory powers and forgo the written dictate of law to assist the debtor. Trustee is no "party in interest" by any stretch of imagination.

Although the term "party in interest" appears many times in the Bankruptcy Code, it is not defined in **§ 101**. It has been described as "an expandable concept depending on the particular factual context in which it is applied." In re River Bend-Oxford Associates, 114 B.R. 111, 113 (Bankr. D. Md. 1990). In various contexts, a "party in interest" has been held to be one who has an actual pecuniary interest in the case, Kapp v. Naturelle, Inc., 611 F.2d 703, 706 (8th Cir. 1979); anyone who has a practical stake in the outcome of a case, In re Amatex Corporation, 755 F.2d 1034, 1041-44 (3rd Cir. 1985); and those who will be impacted in any significant way in the case, In re Johns-Manville Corp., 36 B.R. 743, 754 (Bankr. S.D.N.Y. 1984). In re Cowan, 235 B.R. 912, 915 (Bankr. W.D. Mo. 1999). In re: SCOTT J. SOBCZAK 2007 Bankr. LEXIS 1840,;369 B.R. 512;

14. Trustee is an administrative person, though compensated by the payments from the debtor. Only those claimant whose interest is present vis-a-vis debtor with or without bankruptcy are "party in interest."

15. Standing Trustee's powers cannot be expanded by virtue of attribution or indirect impact on what the trustee is allowed to do. Trustee powers are expressly granted under section 1302 "(b): perform the duties specified in sections 704(2), 704(a)(3), 704(a)(4), 704(5), 704(6), 704(7), and 704(9) of this title; (2) appear and be heard at any hearing that concerns-- (A) the value of property subject to a lien; (B) confirmation of a plan; or (C) modification of the plan after confirmation . . . "

16. Expressio unius est exclusio alterius standard of statutory interpretation as adopted clearly rules out what is not expressly mentioned allocating those powers to the Standing Trusteee. The *expressio unius* canon holds that the inclusion of one thing (or a group of things) in a statute implies the exclusion of opposite or alternative things not mentioned. See e.g., Barnhart v. Sigmon Coal Co., 534 U.S. 438, 452-53 (2002).

17. Since the trustee powers are enumerated here in section 1302 and it has not reference in 1307 (c); it must be so construed that the standing trustee has not been given those powers. Similar to the *expressio unius* canon is that canon that the inclusion of something in one section implies its exclusion from another section where it is omitted.

18. Trustee has a standing to be heard in the matters related to confirmation of plan (§§1302 & 1325). However section 1307 is very specific provision of the Code as it puts parties in adversarial position and an administrator of the plan (Standing Trustee) who is supposed to be neutral cannot be vested those powers as that would vitiate the plain level field provided to the parties.

19. Dismissal sought here is governed by a specific provision, "§1307" and it is a specific provision regarding the said effect and dismissal is not given via general provisions of section 1325. Section 1325 provides a framework or standard for confirmation of plan. Further, this section provides the trustee to file objection or provide a basis for denial of confirmation of plan. It does not however provide the trustee to move for dismissal of the case.

20. These sections cannot be used for dismissal now, for that would result in a irrational results and would take away opportunities for debtor to avail a federal judicial remedy. There cannot be justification for dismissal, for the debtor is availing an adversary proceeding. If the cases are dismissed for availing adversary proceeding, that would result in an absurd consequences and the law definition cannot be read as such. We have deliberately proposed a plan with less payment than what is being asked for in the proof of claim by disputed secured creditor, for we are seeking rederressal of a serious grievance, which might result in evisceration of the claim itself. Statute must be

read in such a way to show that Congress did not intend absurd or irrational results. See Green v. Bock Laundry Machine Co., 490 U.S. 504 (1989)

21. Debtor has been making post petition mortgage payments on a regular basis. However this is very inequitable for the debtor to be coerced to make payments when he is alleging serious racial bias of the creditor. Forcing by virtue of these legal provisions to make full payment (though the debtor is making such payment) is clearly involuntary servitude. We would be seeking to escrow that amount going forward, for the damages caused to this debtor far exceed the claims of this creditor.

    a. Threat of legal provision to pay to the creditor when there is a clear right against it, is a form of involuntary servitude.

    b. The Supreme Court in the case of United States v. Kozminski held that involuntary servitude "necessarily means a condition…in which the victim is forced to work for [another] by the use or threat of physical restraint or physical injury, or by the use or threat of **coercion through law or the legal process**." U.S. v. Kozminski, 487 U.S. 931, 108 S. Ct. 2751, 101 L. Ed. 2d 788, 46 Empl. Prac. Dec. (CCH) ¶38067 (1988). a. The means and method of coercion or compulsion are immaterial. Bernal v. U.S., 241 F. 339 (C.C.A. 5th Cir. 1917); Pierce v. U.S., 146 F.2d 84 (C.C.A. 5th Cir. 1944).

    c. The victim's vulnerabilities are relevant in determining whether the physical or legal coercion or threats could plausibly have compelled the victim to serve. Kozminski

22. As it has been stated in the court, that the plan cannot be confirmed as long as the claims of the parties are not decided.

**Unreasonable Delay and Prejudicial to Creditor Issue.**

23. Trustee asserts that the rights of the creditors have been prejudiced. Making a statement is not enough, trustee MUST TELL as to what right of which creditor has been prejudiced. First there has to be unreasonable delay and second it must be prejudicial. Both factors are missing here. First, there is no unreasonable delay, the debtor is prosecuting his claim, an adversary has been filed to avail the legal process. The Creditor itself appeared in this court and asked for extension of time to file answer. The same Creditor twice requested me for extension of time to file their answer. This is the sole disputed secured creditor. The trustee does not point out as to what unreasonable delay has been caused. Trustee fails to delineate any standards for reaching that conclusion. Closely hinged to this unreasonable delay is the issue of prejudicial impact of that delay. There is no prejudice caused here when the extension of time has been sought by the party whom the trustee is unreasonably casting as prejudiced. Its unfortunately, the trustee overlooks the plight of the debtor and refuses to see that the Debtor has been

slapped with a loan with onerous terms and that his rights under any and every possible provisions of law have been impacted. It is the debtor that has been prejudiced. The disputed creditor here is alleged to be prejudiced by the Trustee. How is the creditor negatively impacted ("prejudiced") by assertions of legal rights by the debtor?

24. Denial of confirmation of plan is another ground. But would that ground be invoked when a final plan payment is yet to be ascertained.

25. Trustee's way of looking at bankruptcy law and process creates a crisis. Trustee does not want the debtor to avail a legal process. Trustee wants it to be simple and wants the debtor to propose a plan and make payments as AND WHATEVER A CREDITOR IS ASKING. If the debtor right was only to decelerate the loan in Chapter 13 and nothing else then all these rights of the debtor, claim objections, adversary privileges are a misnomer.

26. Debtor has triggered a legal process to vindicate his position. Debtor wants to show to the court that he is a victim of abusive lending. Just because a bankruptcy has been filed, the debtor cannot be presumed to have given up his legal rights to redress grievances as afforded under Civil Rights Act, Truth in Lending Provisions, Fair Credit Opportunity and Housing Act.

27. It is clear that one cannot be asked to give up one legal right to avail other right. There is a right given to the debtor here to file bankruptcy, stop foreclosure and decelerate the loan and other right is redressal of substantive grievances of being discriminated against and given abusive loan or forced to accept contractual obligation that violates the norms of a civilized society. One constitutional right cannot become a consideration (cost) to avail the other constitutional right.

28. It is respectfully stated that the court must not read the text of the Code in such a way that would raise constitutional difficulties. Rapanos v. United States, 126 S.Ct. 2208, 2224-25 (2006) (plurality opinion of Scalia, J.); Cherokee Nation of Oklahoma v. Leavitt, 125 S. Ct. (2005); Zadvydas v. Davis, 533 U.S. 678, 696-99 (2001); Public Citizen v. United States Dept. of Justice, 491 U.S. 440 456-66 (1989); Edward J. Debartolo Corp. v. Florida Gult Coast Building & Constr. Trades Council, 485 U.S. 568, 575 (1988).

29. Court cannot compel a debtor to give up one constitutional right (right to property) to avail the other right ( Right to avail judicial process of chapter 13). Conditions (especially onerous ones) put before one could avail a constitutional right are void and per se illegal. Supreme Court has made it very clear that it shall not allow an entity to qualify the fundamental rights of the individuals. Any restriction that has a chilling impact on exercise of constitutional right must be declared invalid.

30. Conditioning relief, which impinges or compromises other fundamental constitutional right are not valid. Shapiro v. Thompson 394 U.S. 618, 89 S.Ct. 1322.

      a. Asking Debtor  to pay a challenged amount to an illegally borne claim of a creditor,  has a chilling impact on her right to property and right to due process.

      b. It is clear that where any law or directions of court has 'no other purpose than to chill the assertion of constitutional rights by penalizing those who choose to exercise them, it is (is) patently unconstitutional." United States v. Jackon, 390 U.S. 570, 581, 88 S.Ct. 1209, 1216, 20 L.Ed. 2d 138 (1968).

      c. A constitutional prohibition cannot be transgressed indirectly by creation of statutory presumption any more than it can be violated by direct enactment, and the power to create presumption is not a means of escape from constitutional restrictions. Speiser v. Randall 357 U.S. 513 , 78 S. Ct. 1332 U.S. 1958.

      d. In this case, just because the debtor volunteered to exercise a right under the judicial process, file a chapter 13 to reinstate a loan, he cannot be forced to give up his right challenging discriminatory lending. In a criminal matter, in the case of United States v. Jackson, 390 U.S. 570, the High Court reasoned confronting Federal Kidnapping Act, "whether the constitution permits the establishment of such death penalty, applicable only to those defendants who assert the right to contest their guilt before jury. The inevitable effect of any such provision is, of course, to discourage assertion of the Fifth Amendment not to plead guilty and to deter exercise of the Sixth amendment right to demand a jury trial. If the provision had no other purpose or effect than to chill the assertion of constitutional rights by penalizing those who chose to exercise them, then it would be patently unconstitutional.

31.    I am not suggesting that the bankruptcy code violates the constitution. But reading the code to mandate payments by the debtor's,  from his post petition sweat and labor, to a disputed proof of claim when the claim has not been fixed  would definitely violate the constitutional norms.

32.    Trustee reasoning alter the shape of judicial reasoning, codified policies, making its presentation more mechanical and less normative than what it is or ought to be.

33.    Trustee has not opined about the underlying gravamen in this case, has not participated in the challenge to the predatory lender's claim, has not augmented in any manner to assist the debtor and has not studied the fraudulent documents filed in support of proof of claim filed by American Home Mortgage Services.

34.    I am in the process of bringing a supplementary challenge to the proof claim as filed by American Home Mortgage Services.  This claim as filed is equally fraudulent in

paperwork, in numbers and is without basis in law as would be proved based on the information that would provided to the court shortly.

Wherefore, please either suspend the underlying bankruptcy case under Section 305 or adjourn the Plan Confirmation hearing until the conclusion of the Adversary Complaint. Further, we it request denial of trustee's motion in its entirety.

                                 */s/Karamvir s.dahiya*
                Sincerely:_____
                          Karamvir S. Dahiya for Johnson