CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2011 JUL 11 A 9:22

RECEIVED

UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF NEW YORK

X Case No.1 09 49420 ess

In re

    In re: Van Johnson

                      Debtor,

X Chapter 13

## FOURTH AMENDED CHAPTER 13 PLAN

1. The future earnings of the debtor are submitted to the supervision and control of the Trustee and the debtor shall pay to the Trustee the sum of **$78,693.**

2. This payment shall be spread over a period of 60 months, commencing November, 2009.

3. The debtor shall pay a sum of $1050 every month for a period of first 20 months, followed by an increased installment of $1442 for the remainder of the plan period.

4. The total sum of payments submitted to the Trustee is **$78,693** which includes trustee's fee.

5. During the pendency of this case, the debtor will provide the Trustee with signed copies of filed federal and state returns for each year no later than April 15th of the year following the tax period indicated tax returns are to be paid to the Trustee upon receipt; however no later than June 15th of the year in which the tax returns are filed.

6. From the payments so received, the Trustee shall make disbursements as follows to the following classes:

(a) No payments to the priority claimants as there are none in this case.

(b) TRUSTEE'S COMMISSIONS 10%

(c) **Alleged Secured Creditor:** Morgan Stanley Loan Trust. Claim Amount: 71,538.69. It shall be paid 100% (71,538.69) over the period of plan at Zero Percent interest rate as the loan is interest only. This fully cures all arrears to such creditor including late charges, attorney fees and interest, though they are disputed and are subject to outcome of the adversary.

7. The mortgage arrears being satisfied under this Plan, the default under the mortgage shall be cured and the mortgage reinstated with its original terms.

8. The current mortgages payments to the only disputed secured creditor Morgan Stanley Trust will be made outside the plan. However the said payments are subject to the outcome of the pending adversary petition wherein the debtor alleges that he is victim of fraud and discriminatory lending of the bank.

9. No payments to the unsecured creditors as there is no unexempted equity in the property or assets of the debtor and as such debtor meets the best interest of the creditors test. Further, the plan envision entire disposable income of the debtor for a maximum period of 5 years.

10. The junior mortgage lien of GrayStone Solutions, (Loan # 280077098) in the sum of $69,766.68 of which no claim is filed on the claim register was "stripped off" as wholly unsecured pursuant to U.S. Bankruptcy Code Section 1322 (b) (2) and 506 and Order reclassifying same as unsecured was signed on July 20, 2010.

11. Title to debtor's property, except debtor's real property, shall revest in the debtor upon completion of plan payments or dismissal of case.

12. Debtor is currently required, by a judicial or administrative order, or by statute, to pay a domestic support obligation of $100.00 [prior to May 2011, debtor paid $312 biweekly] that comes out of his paycheck automatically for the past 13 years now. His son is now 15 years old. As stated in the petition he shall keep paying outside of the plan until his son turns 18 years old.

13. The said plan has been proposed to meet the statutory requirement of Chapter 13 of Title 11, however same has been proposed without prejudice to the rights and claims of the debtor against existing parties including present note and mortgage holder as well as other defendants identified in the pending adversary. The plan is subject to change based on outcome of said litigation.

14. Throughout the term of this plan, debtor agrees that debtor will not incur post petition debt over $500.00 without first notifying the Chapter 13 Trustee in writing.

Dated: July 11, 2011

/s/ Van Johnson_
Van Johnson